Thomas *v.* Thomas.

———————

JULIA F. THOMAS, by her next friend, *vs.* CHARLES THOMAS.

A married woman must appear by her next friend, whenever she prosecutes her husband; whether the action be for an absolute divorce, or for any other relief.

Whether the next friend shall give security for costs, or not, is a regulation of practice, entirely the creature of the court, and under its control.

It not being usual to decree the wife to pay the costs, in a suit for a divorce, unless there was great misconduct in commencing or prosecuting the suit, she may be allowed to appear by any next friend whom the court may appoint, on her application, without security, who will act until some abuse occurs, and then the court can remove him, and dismiss the complaint unless he gives security; or another person may be substituted as next friend.

APPEAL by the plaintiff from an order made at a special term, directing that unless the next friend of the plaintiff give security for costs the complaint should be dismissed.

*Adams & Luckey,* for the plaintiff.

*A. W. Wagner,* for the defendant.

*By the Court,* MITCHELL, J. The action is for a divorce, on the ground of adultery. The plaintiff commenced her action by a next friend, and the defendant moved for and obtained an order that the complaint be dismissed, unless the next friend give security for costs. The plaintiff appeals from that order. It was a question under the code, as it formerly stood, whether a wife must not appear by her next friend in all cases between her and her husband. This court at general term held that there

Thomas *v.* Thomas.

was a distinction between the cases of an action for an absolute divorce and other actions between husband and wife. That the revised statutes, in the first case, were in force, and allowed the wife to sue in her own name; in the other cases she must sue by her next friend, and that then, in legal understanding, she sued alone: and that where a next friend was necessary the court might require, and when the old practice was so would require, security for costs from the next friend, or evidence of the responsibility of the surety. This was understood in the case of *Coit* v. *Coit,* although as that was not a case for an absolute divorce, all this was not specially mentioned in the opinion in that case.

The amended code of 1852 required the husband to be joined with the wife when she is a party, except in two cases : 1. When the action concerns her separate property; 2. When the action is between her and her husband; and in these two cases it says "she *may* sue or be sued alone." It then enacts that "when her husband *cannot* be joined with her as above provided, she shall prosecute or defend by her next friend." The language of this last part has been criticised, and it has been said that it applies only to cases before provided, when the husband *cannot* be joined, and that there are none such, although there are two cases where he may not be joined. The same liberality must be allowed in construing the code as is allowed to any other act of the legislature. It is not to be construed as if its authors could not err in grammar; but the sense is to be sought for, although at the hazard of an interpretation which would show that the most happy choice of language was not used. *Aliquando bonus dormitat Homerus.* If cannot is made to read "may not," then this amendment requires the wife to appear by a next friend whenever she may not by the section quoted (§ 114) sue alone : that is, whenever that section does not authorize her to sue alone. She must then appear by next friend whenever she sues her husband; whether the action be for an absolute divorce, or for any other relief.

This section, however, is fully satisfied if the wife does appear by next friend. It is a regulation of practice, entirely the crea-

ture of the court, and under its control, whether a next friend shall give security or not. When appointed for an infant defendant it is never required, unless when the statute makes it necessary; when for an infant plaintiff, it would be required or not, according to the circumstances of the case.

The revised statutes remain in full force as to divorces, except that now a next friend is necessary for the wife, whether plaintiff or defendant. The 56th [58] section of 2 *R. S.* 148 is unaltered. It provides that, in " suits for a divorce, the court may require the husband to pay any sums necessary to enable the wife to carry on the suit during its pendency." It has become a matter of course to make this order, unless the wife has means to carry on the suit. The husband then is to pay the costs in these cases, primarily, whether he succeed or fail: at the end, it is true, the court may decree the wife to pay the costs; but this never would be done unless there were great misconduct in commencing or prosecuting the suit. It can rarely happen, therefore, that the wife or her next friend would be obliged to pay costs; and the only thing necessary to provide against is such misconduct, in the management of the suit, as would subject the wife or her next friend to the payment of costs. To accomplish this it is not necessary to anticipate that such misconduct will occur. It is enough to allow the wife to appear by any next friend whom the court may appoint on her application, without security, and to allow him to continue to act until some abuse occurs, and then to remove him and dismiss the complaint unless he give security, or another next friend be substituted whose character and responsibility will be a protection against further abuse. But few wives (except among the rich) have separate estates. A more stringent rule might exclude all married women, except those rich in their own right, from the benefits of the law, however base and unprincipled their husbands might be. The order appealed from should be modified accordingly, without costs.

[NEW-YORK GENERAL TERM, June 1, 1854. *Mitchell, Roosevelt* and *Clerke,* Justices.]